**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| KENNETH SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.: 3:23-cv-00142 |
| v. | ) | |
| | ) | |
| WASTE CONNECTIONS US, INC., | ) | |
| WASTE CONNECTIONS OF | ) | |
| NORTH CAROLINA, INC., d/b/a | ) | |
| WASTE CONNECTIONS OF THE | ) | |
| CAROLINAS, and | ) | |
| KEITH SANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Kenneth Scott, by and through counsel, hereby brings this Complaint for Damages against Defendants, Waste Connections US, Inc., (hereinafter "Waste Connections US"), Waste Connections of North Carolina, Inc., d/b/a Waste Connections of the Carolinas (hereinafter "Waste Connections North Carolina"), and Keith Sanders and alleges the following:

## JURISDICTION AND VENUE

1.     Plaintiff Kenneth Scott is a citizen and resident of Kingstree, Williamsburg County, South Carolina.

2.    Defendant Waste Connections US, Inc., is a foreign corporation with its principal office from which it conducts business ("principal place of business") located in The Woodlands, Montgomery County, Texas.

3.    Defendant Waste Connections of North Carolina, Inc., d/b/a Waste Connections of the Carolinas is registered with the North Carolina Secretary of State and authorized to transact business in the State of North Carolina. Defendant Waste Connections North Carolina can be served with process through its registered agent at 2626 Glenwood Ave - Ste 550, Raleigh, North Carolina 27608.

4.    Venue in this Court is proper with respect to Defendant Waste Connections US, Inc., and Waste Connections of North Carolina, Inc., by virtue of 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5.    Jurisdiction in this Court is proper with respect to Defendant Waste Connections US, Inc., and Waste Connections of North Carolina, Inc., by virtue of 28 U.S.C. § 1332.

6.    Defendant Keith Sanders is now, and was at the time of the incident which is the subject matter of this Complaint, a citizen and resident of North Carolina and resides at 1715 Eagles Landing Drive, Charlotte, North Carolina 28214.

7.    For the purposes of jurisdiction and venue, and at all times relevant to this Complaint, Defendant Sanders was an employee of Defendant Waste Connections

US. Defendant Sanders received pay wages and/or employee benefits from Defendant Waste Connections US.

8.      For the purposes of jurisdiction and venue, and at all times relevant to this Complaint, Defendant Sanders was an employee of Defendant Waste Connections of North Carolina, Inc. Defendant Sanders received pay wages and/or employee benefits from Defendant Waste Connections of North Carolina, Inc.

9.      Defendant Keith Sanders is subject to the jurisdiction of this court under the authority of 28 U.S.C. § 1332.

10.      Venue in the Court is proper with respect to Defendant Keith Sanders by virtue of 28 U.S.C. § 1391(b)(2).

11.      This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## FACTS

12.      Plaintiff Scott is currently, and all times relevant to this Complaint, an employee of CSX Transportation, Inc. (CSXT).  At all times referred to herein, Plaintiff was working in the line and scope of his employment as a freight conductor for CSX Transportation, Inc.

13.      On March 15, 2022, while performing his duties Plaintiff was injured as a direct result of the negligence of Defendants, Defendants' agents, servants, and/or employees, while acting within the course and scope of their employment.

14. On March 15, 2022, Scott was working as a freight conductor for CSX Transportation, Inc., on CSXT freight train Q65313 traveling southbound in Charlotte, Mecklenburg County, North Carolina at the railroad grade crossing at Old Mount Holly Road.

15. In the early morning hours of March 15, 2022, Plaintiff Scott was required to mount railcar DTTX 62005, which was the tail-end railcar in the consist of CSXT train Q65313, in order to protect a shove moving across the grade crossing at Old Mount Holly Road. Plaintiff Scott was riding railcar DTTX 62005 while maintaining three points of contact and in accordance with his training.

16. Upon information and belief, on March 15, 2022, and at all times relevant to this Complaint, Defendant Sanders was an employee and/or agent of Defendant Waste Connections US.

17. Upon information and belief, on March 15, 2022, and at all times relevant to this Complaint, Defendant Sanders was an employee and/or agent of Defendant Waste Connections North Carolina.

18. On March 15, 2022, Defendant Sanders held a commercial driver's license and was employed as a professional commercial motor vehicle driver/operator, receiving pay and/or benefits from Defendant Waste Connections US.

19.    On March 15, 2022, Defendant Sanders held a commercial driver's license and was employed as a professional commercial motor vehicle driver/operator, receiving pay and/or benefits from Defendant Waste Connections North Carolina.

20.    On March 15, 2022, at or about 3:45 a.m., Defendant Sanders was acting within the scope and course of his employment as a professional commercial motor vehicle driver employed by Waste Connections US, and was operating a truck that was owned and/or operated by Waste Connections, US and/or Waste Connections North Carolina, at the time of the railroad crossing collision with the subject CSXT freight train.

21.    On March 15, 2022, at or about 3:45 a.m., Defendant Sanders was acting within the scope and course of his employment as a professional commercial motor vehicle driver employed by Waste Connections North Carolina and was operating a truck that was owned and/or operated by Waste Connections, US and/or Waste Connections North Carolina, at the time of the railroad crossing collision with the subject CSXT freight train.

22.    On March 15, 2022, as Defendant Sanders approached the Old Mount Holly Road railroad grade crossing, Defendant Sanders saw that the railroad crossing gates were closed, and the traffic control devices present at the railroad grade crossing were activated indicating a train was approaching the crossing.

23. On March 15, 2022, while acting within the scope and course of his employment with Defendant Waste Connections US, Defendant Sanders was traveling in an eastbound direction and caused the commercial motor vehicle he was operating to drive around the activated and closed railroad crossing gates, and enter the railroad crossing at grade directly into the path of the subject CSXT freight train.

24. On March 15, 2022, while acting within the scope and course of his employment with Defendant Waste Connections North Carolina, Defendant Sanders was traveling in an eastbound direction and caused the commercial motor vehicle he was operating to drive around the activated and closed railroad crossing gates, and enter the railroad crossing at grade directly into the path of the subject CSXT freight train.

25. On March 15, 2022 at or about 3:45 a.m., Plaintiff Scott was riding railcar DTTX 62005, the last railcar in the consist, in a safe and reasonable manner, and in accordance with his training and experience as a railroad freight conductor. Plaintiff Scott did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily harm and injury.

26. As the CSXT freight train approached the Old Mount Holly Road grade crossing, Plaintiff realized the inevitable collision with the Waste Connections US and/or Waste Connections North Carolina truck being operated by Defendant

Sanders, which had fouled the tracks, and the likelihood of catastrophic bodily injury or death. In accordance with Plaintiff's training and experience as a railroad freight conductor, Plaintiff bailed from railcar DTTX 62005 while the CSXT train was traveling approximately seventeen miles per hour, and violently struck the ground and debris below.

27.    CSXT train Q65313 was unable to stop before it violently struck the commercial motor vehicle that Defendant Sanders had caused to enter the railroad crossing at grade and foul the railroad track at Old Mount Holly Road.

28.    On March 15, 2022, Defendant Sanders, while operating the commercial motor vehicle and approaching a railroad grade crossing, was issued a citation for failure to stop a commercial motor vehicle within 50 feet but not less than 15 from the nearest rail of such railroad track and failed to wait to proceed until it was safe to do so in violation of N.C.G.S. § 20-142.3(a), and was found to be at fault for the collision.

29.    As a direct result of the subject collision, Plaintiff suffered severe and extreme trauma to his back, left leg, left shoulder, left arm, left hand, and to his whole body.

30.    Plaintiff continues to suffer severe chronic pain to his back, left leg, left shoulder, left arm, left hand, and whole body.

31.    Plaintiff continues to suffer psychological trauma, severe chronic pain, phantom pain, nightmares, cold sweats, sleeping disorders, and severe anxiety due to the sustained injuries.

32.    As a direct result of said occurrence on March 15, 2022, Plaintiff has been caused to lose income and fringe benefits which he otherwise would have earned. With reasonable certainty, he will also be caused to suffer lost earning capacity in the future. His ability to work and earn income and fringe benefits has been permanently impaired.

33.    Plaintiff was never charged with a violation of any CSXT operating and/or safety rules.

34.    At all times relevant to this action, Plaintiff had the right to assume, and the right to act on that assumption, that others, including all Defendants would use ordinary, or "reasonable" care, and follow the driver safety rules established under the laws of North Carolina.

35.    Plaintiff Kenneth Scott committed no act, nor did Plaintiff omit any action, that would constitute negligence in regard to the collision caused by Defendants.

36.    Plaintiff Kenneth Scott was an innocent party to the collision caused by Defendants.

37. To the extent, if any, that Plaintiff violated a rule or requirement of a railroad conductor in the State of North Carolina, such violation was not the direct and/or proximate cause of Plaintiff's injuries or damages.

## COUNT ONE
### (NEGLIGENCE OF DEFENDANT SANDERS)

38. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 37 above as though fully set forth herein.

39. At all times relevant to this action, Defendant Sanders, as a professional commercial motor vehicle operator, owed a heightened duty of care to Plaintiff and to the general public.

40. On March 15, 2022, Defendant Sanders, negligently, willfully, wantonly and with conscious disregard for the rights and safety of Plaintiff, other train crew members, the motoring public, local business and general public in the vicinity, operated the commercial motor vehicle when he ignored the active warning devices at the railroad crossing, including signage, flashing lights and closed gates, and caused the commercial motor vehicle he was operating to enter the Old Mount Holly railroad grade crossing fouling the railroad track as Plaintiff's train approached the crossing.

41. Defendant Sanders breached the duty of care owed to Plaintiff and others as a professional driver and directly or proximately caused injuries to Plaintiff, including but not limited to, one of more of the following acts of negligence:

(a)    On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, failed to maintain a sufficient lookout for approaching trains on the railroad track he was preparing to cross at the railroad crossing at the intersection of Old Mount Holly Road;

(b)    On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, failed to adhere to roadway signage at and/or near at the grade crossing he was preparing to traverse at the intersection of Old Mount Holly Road;

(c)    On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, failed to exercise ordinary care in avoiding a collision;

(d)    On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, failed to stop the commercial motor vehicle at the railroad crossing at Old Mount Holly Road while a train was approaching in violation of N.C.G.S. § 20-142.1(a);

(e)    On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, drove the vehicle around the railroad gates protecting the railroad crossing at Old Mount Holly Road while the gates were closed in violation of N.C.G.S. §20-142.1(b); and

(f)     On March 15, 2022, Defendant Sanders, while operating a commercial motor vehicle, failed to control the speed of his vehicle so as to stop before reaching the nearest rail of the railroad crossing and failed to ascertain that the crossing was clear in violation of 49 C.F.R. § 392.11 with such violation constituting negligence *per se*.

42.     As a direct and proximate result of Defendant Sanders' negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

43.      As a direct and proximate result of Defendant Sanders' negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

44.     As a direct and proximate result of Defendant Sanders' negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

45.     As a direct and proximate result of Defendant Sanders' negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

46.     It was foreseeable that the negligence of Defendant Sanders would cause a collision resulting in Plaintiff Scott's injuries and damages.

## COUNT TWO
## (VICARIOUS LIABILITY OF WASTE CONNECTIONS US)

47.    Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

48.    Defendant Waste Connections US is liable for the negligent acts of its employee and agent Defendant Sanders whom, at all times relevant to this Complaint, was acting within the scope and course of his employment with Defendant Waste Connections US.

49.    Defendant Waste Connections US is liable to Plaintiff pursuant to the doctrine of respondeat superior and agency principles.

50.    It was foreseeable that Defendant Waste Connections US' negligence, and the negligence of its agent and/or employee, would cause a collision resulting in Plaintiff Scott's injuries and damages.

51.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

52.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

53.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

54.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

55.     It was foreseeable that the negligence of Defendant Waste Connections US would cause damages to Plaintiff.

**COUNT THREE**
**(NEGLIGENT ENTRUSTMENT –**
**DEFENDANT WASTE CONNECTIONS US)**

56.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 55 above as though fully set forth herein.

57.     Upon information and belief, at all times material hereto, Defendant Waste Connections US was the owner of the subject commercial motor vehicle being operated by Defendant Sanders.  Defendant Waste Connections US negligently entrusted the commercial motor vehicle to Defendant Sanders, an employee, whom Defendant Waste Connections US knew, or reasonably should have known, was unfit to operate a commercial motor vehicle on the public roadway and over railroad crossings at grade.

58.     Defendant Waste Connections US owed a duty to the public, and to employees of railroads, including Plaintiff, to ensure every commercial motor vehicle driver is properly trained and qualified to operate its commercial motor vehicles before allowing its drivers on public highways/roads.

59.     Defendant Waste Connections US breached its duty to the public, and to employees of railroads including Plaintiff, and was negligent in entrusting a commercial motor vehicle to Defendant Sanders despite his poor safety record and unfitness to drive a commercial motor vehicle, of which Defendant Waste Connections US had actual knowledge, or should have known.

60.     Defendant Waste Connections US' negligent entrustment of the commercial motor vehicle to Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damage to Plaintiff.

61.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

62.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

63.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

64.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

65.    It was foreseeable that the negligence of Defendant Waste Connections US would cause a collision resulting in Plaintiff Scott's injuries and damages.

66.    It was foreseeable that the negligence of Defendant Waste Connections US would cause damages to Plaintiff.

## COUNT FOUR
## (NEGLIGENT SUPERVISION – DEFENDANT WASTE CONNECTIONS US)

67.    Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 66 above as though fully set forth herein.

68.    At all times material hereto, Defendant Waste Connections US owed a duty to the motoring public and to employees of railroads, including Plaintiff, to ensure that every employee was properly trained and qualified to operate its commercial motor vehicles before allowing its drivers on public roadways/roads and that every

employee, including Defendant Sanders, was operating its commercial motor vehicles safely.

69.     During Defendant Sanders' employment, Defendant Waste Connections US failed to properly supervise Sanders and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

70.     Defendant Waste Connections US breached its duty to the motoring public, and to employees of railroads including Plaintiff, and was negligent in supervising Defendant Sanders by failing to take action to address Defendant Sanders' dangerous and negligent driving behaviors and continuing to employ Defendant Sanders and allow Sanders to operate a commercial motor vehicle, despite having actual and/or reasonable notice that Defendant Sanders was unfit for the job by way Defendant Sanders' incident reports, internal reviews, poor performance and poor professional driving record.

71.     Defendant Waste Connections US' negligent supervision of Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff.

72.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

73.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

74.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

75.     As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

76.     It was foreseeable that the negligence of Defendant Waste Connections US would cause a collision resulting in Plaintiff Scott's injuries and damages.

77.     It was foreseeable that the negligence of Defendant Waste Connections US would cause damages to Plaintiff.

### COUNT FIVE
### (NEGLIGENT RETENTION –
### DEFENDANT WASTE CONNECTIONS US)

78.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 77 above as though fully set forth herein.

79.    At all times material hereto, Defendant Waste Connections US employed Defendant Sanders as a commercial motor vehicle operator.  During Defendant Sanders' employment, Defendant Waste Connections US had actual knowledge of Defendant Sanders' failures and inability to operate a commercial motor vehicle in a safe manner and Defendant Sanders' failure to exercise the reasonable care expected of a commercial motor vehicle.

80.    Defendant Waste Connections US owed a duty to the motoring public, and to employees of railroads including Plaintiff, to ensure that every employee was properly trained and qualified to operate commercial motor vehicles before allowing its drivers on public roadways/roads and that every employee, including Defendant Sanders, was operating its commercial motor vehicles safely.

81.    Defendant Waste Connections US breached its duty by negligently retaining Defendant Sanders, and continued employing Defendant Sanders, despite having actual and/or reasonable notice that Defendant Sanders was unsafe and unfit for the job by way of Defendant Sanders' incident reports, internal reviews, poor performance and poor professional driving record.

82.    Defendant Waste Connections US' negligent retention of Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff.

83.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

84.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

85.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

86.    As a direct and proximate result of Defendant Waste Connections US' negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

87.    It was foreseeable that the negligence of Defendant Waste Connections US would cause a collision resulting in Plaintiff Scott's injuries and damages.

88.    It was foreseeable that the negligence of Defendant Waste Connections US would cause damages to Plaintiff.

## COUNT SIX
### (VICARIOUS LIABILITY OF
### WASTE CONNECTIONS NORTH CAROLINA)

89.     Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

90.     Defendant Waste Connections North Carolina is liable for the negligent acts of its employee and agent Defendant Sanders whom, at all times relevant to this Complaint, was acting within the scope and course of his employment with Defendant Waste Connections North Carolina.

91.     Defendant Waste Connections North Carolina is liable to Plaintiff pursuant to the doctrine of respondeat superior and agency principles.

92.     It was foreseeable that Defendant Waste Connections North Carolina's negligence, and the negligence of its agent and/or employee, would cause a collision resulting in Plaintiff Scott's injuries and damages.

93.     As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

94.      As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

95.    As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

96.    As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

97.    It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause damages to Plaintiff.

## COUNT SEVEN
## (NEGLIGENT ENTRUSTMENT –
## DEFENDANT WASTE CONNECTIONS NORTH CAROLINA)

98.    Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 and 89 through 97 above as though fully set forth herein.

99.    Upon information and belief, at all times material hereto, Defendant Waste Connections North Carolina was the owner of the subject commercial motor vehicle being operated by Defendant Sanders.  Defendant Waste Connections North Carolina negligently entrusted the commercial motor vehicle to Defendant Sanders, an employee, whom Defendants Waste Connections North Carolina

knew, or reasonably should have known, was unfit to operate a commercial motor vehicle on the public roadway and over railroad crossings at grade.

100.   Defendant Waste Connections North Carolina owed a duty to the motoring public, and to employees of railroads, including Plaintiff, to ensure every commercial motor vehicle driver is properly trained and qualified to operate its commercial motor vehicles before allowing its drivers on public highways/roads.

101.   Defendant Waste Connections North Carolina breached its duty to the motoring public, and to employees of railroads including Plaintiff, and was negligent in entrusting a commercial motor vehicle to Defendant Sanders despite his poor safety record and unfitness to drive a commercial motor vehicle, of which Defendant Waste Connections had actual knowledge, or should have known.

102.   Defendant Waste Connections North Carolina's negligent entrustment of the commercial motor vehicle to Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damage to Plaintiff.

103.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

104.    As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered physical injury

and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

105.  As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

106.  As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

107.  It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause a collision resulting in Plaintiff Scott's injuries and damages.

108.  It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause damages to Plaintiff.

## COUNT EIGHT
## (NEGLIGENT SUPERVISION –
## DEFENDANT WASTE CONNECTIONS NORTH CAROLINA)

109.  Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 and 89 through 108 above as though fully set forth herein.

110.   At all times material hereto, Defendant Waste Connections North Carolina owed a duty to the motoring public, and to employees of railroads including Plaintiff, to ensure that every employee was properly trained and qualified to operate its commercial motor vehicles before allowing its drivers on public roadways/roads and that every employee, including Defendant Sanders, was operating its commercial motor vehicles safely.

111.   During Defendant Sanders' employment, Defendant Waste Connections North Carolina failed to properly supervise Sanders and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

112.   Defendant Waste Connections North Carolina breached its duty to the motoring public, and to employees of railroads including Plaintiff, and was negligent in supervising Defendant Sanders by failing to take action to address Defendant Sanders' dangerous and negligent driving behaviors and continuing to employ Defendant Sanders and allow Sanders to operate a commercial motor vehicle, despite having actual and/or reasonable notice that Defendant Sanders was unfit for the job by way Defendant Sanders' incident reports, internal reviews, poor performance and poor professional driving record.

113.   Defendant Waste Connections North Carolina's negligent supervision of Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff.

114.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

115.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

116.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

117.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

118. It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause a collision resulting in Plaintiff Scott's injuries and damages.

119. It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause damages to Plaintiff.

**COUNT NINE**
**(NEGLIGENT RETENTION –**
**DEFENDANT WASTE CONNECTIONS)**

120. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 and 89 through 119 above as though fully set forth herein.

121. At all times material hereto, Defendant Waste Connections North Carolina employed Defendant Sanders as a commercial motor vehicle operator. During Defendant Sanders' employment, Defendant Waste Connections North Carolina had actual knowledge of Defendant Sanders' failures and inability to operate a commercial motor vehicle in a safe manner and Defendant Sanders' failure to exercise the reasonable care expected of a commercial motor vehicle.

122. Defendant Waste Connections North Carolina owed a duty to the motoring public, and to employees of railroads including Plaintiff, to ensure that every employee was properly trained and qualified to operate its commercial motor vehicles before allowing its drivers on public roadways/roads and that every

employee, including Defendant Sanders, was operating commercial motor vehicles safely.

123. Defendant Waste Connections North Carolina breached its duty by negligently retaining Defendant Sanders, and continued employing Defendant Sanders, despite having actual and/or reasonable notice that Defendant Sanders was unsafe and unfit for the job by way of Defendant Sanders' incident reports, internal reviews, poor performance and poor professional driving record.

124. Defendant Waste Connections North Carolina's negligent retention of Defendant Sanders was the direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff.

125. As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered severe, debilitating, and permanent injuries.

126. As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott suffered physical injury and pain, emotional trauma, psychological injury and mental anguish. Plaintiff will also endure pain, suffering, and mental anguish in the future.

127. As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott incurred medical

expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

128.   As a direct and proximate result of Defendant Waste Connections North Carolina's negligence, as described above, Plaintiff Scott has suffered lost wages and benefits and will suffer future lost wages and benefits, as well as a loss of earning capacity.

129.   It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause a collision resulting in Plaintiff Scott's injuries and damages.

130.   It was foreseeable that the negligence of Defendant Waste Connections North Carolina would cause damages to Plaintiff.

**COUNT TEN**
**(PUNITIVE DAMAGES – WASTE CONNECTIONS US)**

131.   Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 and Counts Three, Four and Five above as though fully set forth herein.

132.   Defendant Waste Connections US' conduct herein was grossly negligent, reckless and consciously disregarded and/or indifferent to the safety and rights of the public and Plaintiff.

133.   Defendant Waste Connections US' recklessness, conscious disregard of and/or conscious indifference to the safety and rights of Plaintiff, other train crew

members, the motoring public, local business and the general public in the vicinity is evidenced in at least the following particulars:

a. Defendant Waste Connections US continued to employ and entrust Defendant Sanders to operate the commercial motor vehicle despite the fact that Defendant Sanders had previously and consistently failed to adhere to the traffic control devices at railroad grade crossings;

b. Defendant Waste Connections US continued to employ and entrust Defendant Sanders to operate the commercial motor vehicle despite having actual and/or reasonable notice that Sanders was unfit for the job by way of Defendant Sanders' incident reports, internal reviews, poor performance, and poor professional driving record;

c. Defendant Waste Connections US failed to properly supervise Defendant Sanders on the proper operation of Waste Connections US' commercial motor vehicle and/or failing to retrain Defendant Sanders on the proper operation of a commercial motor vehicle over railroad grade crossings;

d. Defendant Waste Connections US failed to properly supervise Defendant Sanders and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

134. Wherefore, Plaintiff demands punitive damages from Defendant Waste Connections US for its reckless and conscious disregard of and/or indifference to the rights, life and safety of the public, including Plaintiff.

## COUNT ELEVEN
## (PUNITIVE DAMAGES – WASTE CONNECTIONS NORTH CAROLINA)

135. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 and Counts Seven, Eight and Nine above as though fully set forth herein.

136. Defendant Waste Connections North Carolina's conduct herein was grossly negligent, reckless and consciously disregarded and/or indifferent to the safety and rights of the public and Plaintiff.

137. Defendant Waste Connections North Carolina's recklessness, conscious disregard of and/or conscious indifference to the safety and rights of Plaintiff, other train crew members, the motoring public, local business and the general public in the vicinity is evidenced in at least the following particulars:

    a. Defendant Waste Connections North Carolina continued to employ and entrust Defendant Sanders to operate the commercial motor vehicle despite the fact that Defendant Sanders had previously and consistently failed to adhere to the traffic control devices at railroad grade crossings;

b. Defendant Waste Connections North Carolina continued to employ and entrust Defendant Sanders to operate the commercial motor vehicle despite having actual and/or reasonable notice that Sanders was unfit for the job by way of Defendant Sanders' incident reports, internal reviews, poor performance, and poor professional driving record;

c. Defendant Waste Connections North Carolina failed to properly supervise Defendant Sanders on the proper operation of Waste Connections' commercial motor vehicle and/or failing to retrain Defendant Sanders on the proper operation of a commercial motor vehicle over railroad grade crossings;

d. Defendant Waste Connections North Carolina failed to properly supervise Defendant Sanders and failed to identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the crash at issue.

138. Wherefore, Plaintiff demands punitive damages from Defendant Waste Connections North Carolina for its reckless and conscious disregard of and/or indifference to the rights, life and safety of the public, including Plaintiff.

## COUNT TWELVE
### (PUNITIVE DAMAGES – KEITH SANDERS)

139. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

140. Defendant Sanders' conduct and actions while operating the commercial motor vehicle were known or should have been known to a professional driver to cause injury and damage.

141. Defendant Sanders' conduct consciously disregarded and/or was consciously indifferent to the safety and rights of the Plaintiff, other train crew members, the motoring public, local business and the general public in the vicinity as evidenced in at least the following particulars:

    a. Defendant Sanders willfully and wantonly drove the commercial motor vehicle he was operating around the closed railroad gates protecting the railroad crossing at Old Mount Holly Road;

    b. Defendant Sanders willfully and wantonly operated the commercial motor vehicle into the crossing ignoring the warning devices at the railroad crossing, including signage, flashing lights and the approaching train;

    c. Defendant Sanders' other acts and omissions further exhibited a conscious disregard of and indifference to the rights and safety of others, including Plaintiff.

142.    Wherefore, Plaintiff demands punitive damages from Defendant Sanders for his conscious and intentional disregard of and/or conscious indifference to the rights, life and safety of the public, including Plaintiff.

**WHEREFORE,** Plaintiff prays for the following:

a.    Trial by jury;

b.    Judgment for all recoverable damages in his favor and against Defendants Waste Connections US, Waste Connections North Carolina and Keith Sanders in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury, including but not limited to, any and all lost wages and fringe benefits, any and all future lost earning capacity and fringe benefits, medical bills and expenses, and past and future mental and physical pain and suffering in an amount to be shown and determined at trial;

c.    All costs of Court to be cast against Defendants Waste Connections US, Waste Connections North Carolina and Keith Sanders;

d.    All attorney's fees to be cast against Defendants Waste Connections US, Waste Connections North Carolina and Keith Sanders;

e.    Punitive damages against Defendants Waste Connections US, Waste Connections North Carolina and Keith Sanders based on the evidence developed in the course of discovery of this case, and;

f.    Any and all such other and further relief as this Court deems just and equitable.

Dated this 7th day of March 2023.

COOK, LEVERETT & UNDERWOOD, LLP

By:/s/Robert R. Underwood, II
    ROBERT R. UNDERWOOD, II, ESQ.
    NC Bar No.:  30686
    Edward S. Cook, Esq.
    (PHV forthcoming)
    Lindsey A. Rodgers, Esq.
    (PHV forthcoming)
    970 Peachtree Industrial Blvd, Ste. 202
    Suwanee, Georgia 30024
    Telephone: (404) 841-8485
    runderwood@cookpclaw.com
    ecook@cookpclaw.com
    lrodgers@cookpclaw.com
    *Attorneys for Plaintiff*