# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00142-RJC-SCR

|  |  |  |
|---|---|---|
| **KENNETH SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **WASTE CONNECTIONS US, INC., et. al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

 **THIS MATTER** is before the Court on "Plaintiff's Motion to Compel and Overrule Defendants Waste Connections US, Inc., and Waste Connections of North Carolina, Inc.'s Objections" (Doc. No. 16), "Plaintiff's Motion to Compel and Overrule Defendant Keith Sanders' Objections" (Doc. No. 18), and "Plaintiff's Motion to Extend Plaintiff's Expert Disclosure Deadline and For Sanctions" (Doc. No. 21), as well as the parties' briefs and exhibits (Doc. Nos. 17, 19, & 22-27).

 This is a personal injury lawsuit arising from a collision between a CSX freight train and a Waste Connections Defendants' garbage truck on March 15, 2022, in Charlotte, North Carolina. Defendant Keith Sanders was driving the garbage truck. Plaintiff was riding on the train in his job as a freight conductor for CSX.

 On March 7, 2023, Plaintiff filed his Complaint asserting claims for negligence and punitive damages as against Defendant Sanders; and vicarious liability, negligent entrustment, negligent supervision, negligent retention and punitive damages as against the Waste Connections

Defendants. (Doc. No. 1). In their Answer, Defendants raised several Affirmative Defenses including contributory negligence, assumption of risk, and sudden emergency. (Doc. No. 7).

On May 23, 2023, the Honorable Robert J. Conrad, Jr. entered a "Pretrial Order and Case Management Plan" ("PTO") (Doc. No. 15). In relevant part, the PTO provides that **"[e]ach party may propound no more than 25 interrogatories, including subparts.**" Id. at 1. (emphasis added). The PTO also permits the parties to extend discovery deadlines by stipulation. Id. at 3. The PTO further states that:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

Id. at 4-5.

On May 26, 2023, Plaintiff served a First Set of Interrogatories and First Request for Production of Documents on each Defendant. It appears that Plaintiff served 71 requests for production and 25 interrogatories on Waste Connections US; 70 requests for production and 25 interrogatories on Waste Connections NC; and 64 requests for production and 24 interrogatories on Defendant Sanders. (Doc. No. 22-1). Defendant alleges that these requests included 58 distinct subparts which would violate the limits in the PTO and are disproportional to the needs of the case. (Doc. No. 22 at 2, 4, 13 & 22). Defendants also allege that Plaintiff refused their request for a 30-day extension of time to respond, instead agreeing only to 14 days.

For his part, Plaintiff alleges numerous deficiencies in Defendants' responses, including timeliness, failure to respond fully to many requests, failure to verify responses, failure to produce a privilege log, use of boilerplate objections, and refusing to provide deposition dates. (Doc. Nos. 16 at 2, 17 at 3-8, 19 at 3-7, & 21 at 2-3).

Both Plaintiff and Defendants accuse the other of failing to meaningfully meet and confer as required by the PTO and the Local Rules. (Doc. No. 15 at 4-5); LCvR 7.1(b).

It appears that rather than meet and confer in a meaningful process designed to eliminate all but the most intractable disputes, the parties have simply handed all of their disputes, notably at least 29 disputed requests to the Waste Connections Defendants and 26 to Defendant Sanders, to the Court.

In the interests of judicial efficiency, the Court **ORDERS** the parties to meet and confer in a good faith effort to resolve their disputes and, at the very least, narrow the disputed issues before the Court and ensure compliance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Pretrial Order and Case Management Plan. Specifically, Plaintiff must comply with the Pretrial Order including the limitations on requests. On or before November 7, 2023, the parties shall file a status report no more than two pages in length stating which disputes have been resolved and which remain for the Court.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel and to the Honorable Robert J. Conrad, Jr..

    **SO ORDERED**.

Signed: October 5, 2023

Susan C. Rodriguez
United States Magistrate Judge