UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00142-RJC-SCR

| | |
|---|---|
| KENNETH SCOTT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| WASTE CONNECTIONS US, INC., et. al., | ) |
| | ) |
|       Defendants. | ) |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel and Overrule Defendants Waste Connections US, Inc., and Waste Connections of North Carolina, Inc.'s Objections" (Doc. No. 16), "Plaintiff's Motion to Compel and Overrule Defendant Keith Sanders' Objections" (Doc. No. 18), and the parties' "Status Report" (Doc. No. 30), as well as the parties' briefs and exhibits (Doc. Nos. 17, 19, 22-27 & 37-38).

This is a personal injury lawsuit arising from a collision between a CSX freight train and a Waste Connections Defendants' garbage truck on March 15, 2022, in Charlotte, North Carolina. Defendant Keith Sanders was driving the garbage truck. Plaintiff was on the train in his capacity as a freight conductor for CSX.

On March 7, 2023, Plaintiff filed his Complaint asserting claims for negligence and punitive damages against Defendant Sanders; and vicarious liability, negligent entrustment, negligent supervision, negligent retention and punitive damages as against the Waste Connections Defendants. (Doc. No. 1). In their original Answer, Defendants raised several Affirmative

1

Defenses including contributory negligence, assumption of risk, and sudden emergency. (Doc. No. 7).

As initially submitted, the subject Motions involved at least 29 disputed requests to the Waste Connections Defendants and 26 to Defendant Sanders.

On October 5, 2023, the Court ordered the parties "to meet and confer in a good faith effort to resolve their disputes and, at the very least, narrow the disputed issues before the Court and ensure compliance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Pretrial Order and Case Management Plan" and file a status report no later than November 7, 2023. (Doc. No. 28 at 3).

On October 26, 2023, the parties filed their Status Report stating that all but three issues were resolved and requesting leave to file supplemental briefs on those issues. (Doc. No. 30). The Court granted leave to file supplemental briefs which were filed November 3, 2023. (Doc. No. 37 & 38). In those briefs, the parties state that only two issues remain.[1]

The Court commends the parties and their counsel for their obvious efforts to resolve their discovery issues.

We now turn to the remaining issue of the federal accident registers. Plaintiff seeks production of "[a]ll documents which record, reflect, or otherwise evidence each and every 'accident register' maintained by you for 2019, 2020, 2021, and 2022 as required by the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.15." (Doc. No. 37 at 2). Defendants respond

---

[1] In their Supplemental Brief, Defendants stated they would withdraw their Sudden Emergency affirmative defense which resolves the discovery dispute concerning production of Defendant Sanders' medical records. (Doc. No. 37 at 5-6). On November 16, 2023, Defendants filed an Amended Answer which omits that affirmative defense. (Doc. No. 40).

2

that the Waste Connections accident registers are not discoverable because they are subject to statutory privilege as set for in 49 U.S.C. § 504(f). (Id.).

49 C.F.R. § 390.15 sets forth the duties of federal motor carriers' regarding the maintenance accident registers required documentation therein. 49 C.F.R. § 390.15 states:

> (a) Each motor carrier… must maintain an accident register for 3 years after the date of each accident. Information placed in the accident register must contain at least the following: … (i) Date of accident. (ii) City or town, or most near, where the accident occurred and the State where the accident occurred. (iii) Driver Name. (iv) Number of injuries. (v) Number of fatalities. (vi) Whether hazardous materials… were released.

Id.

49 U.S.C. § 504(f) states the following related to motor carriers' accident registers:

> No part of a report of an accident occurring in operations of a motor carrier, motor carrier of migrant workers, or motor private carrier and required by the Secretary, and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation.

49 U.S.C. § 504(f). The parties have not cited any controlling authority on this subject. Several other courts when considering 49 U.S.C. § 504(f) have concluded that accident registers are not subject to discovery in a civil action. Sajda v. Brewton, 265 F.R.D. 334, 341 (N.D. Ind. 2009) (noting "although there is a dearth of case law on this provision, the reported cases all reach the same conclusion," and holding accident registers are protected by a statutory privilege under 49 U.S.C. § 504(f) and thus protected from discovery) (citing St. Regis Paper Co. v. United States, 368 U.S. 208, 215 (1961)). See also Blankenship v. Gen. Motors Corp., 428 F.2d 1006, 1008-09 (6th Cir. 1970) (finding that 49 U.S.C. § 504(f)'s statutory precursor, 49 U.S.C. § 320(f), "can only be read as a flat prohibition against the use of these reports or any part of them as evidence."); Irvine v. Safeway Trails, 10 F.R.D. 586, 587–88 (E.D.Pa. 1950) (holding that "[P]laintiffs have requested the production of reports to the Interstate Commerce Commission which under the

3

Case 3:23-cv-00142-RJC-SCR    Document 42    Filed 12/13/23    Page 3 of 7

provisions of the Act [now codified as 49 U.S.C. § 504(f)], are privileged. The objection to this interrogatory, therefore, will be sustained."); LaChance v. Serv. Trucking Co., 215 F. Supp. 159, 161–62 (D. Md. 1963) (records custodian for a defendant motor carrier was not in contempt by failing to answer depositions question regarding its accident register due to the privilege set forth in 49 U.S.C.A. § 320(f), the statutory precursor to 49 U.S.C. § 504(f)); Solek v. K&B Transp., Inc., No. 21-10442, 2022 WL 2975287, at *7 (E.D. Mich. July 27, 2022) (finding that a motor carrier's accident register is not discoverable and stating "information within the scope of discovery need not be admissible in evidence to be discoverable . . . . That said, under 49 U.S.C. § 504(f), DOT Accident Register reports are protected by statutory privilege."); Sykes v. Bergerhouse, No. CIV-20-333-G, 2021 WL 5098291, at *1 (W.D. Okla. Nov. 1, 2021) (finding that Defendants motor carrier's "DOT accident register—is therefore a report 'required by the Secretary' and protected by statutory privilege" under 49 U.S.C. § 504(f)); Booker v. P.A.M. Transp., Inc., No. 2:23-CV-18 WJ/KRS, 2023 WL 7182280, at *6 (D.N.M. Nov. 1, 2023) ("Defendant is correct that 49 U.S.C. § 504(f) protects it from disclosing its [Department of Transportation ("DOT") accident register" and "are not subject to discovery."); Federal Procedure, Lawyers Ed. § 76:683 (Updated August 2023).[2]

This Court finds the analysis and reasoning in these cases persuasive. While the Court appreciates the distinction that simply because information is discoverable does not mean it is

---

[2] Plaintiff has cited cases that appear to compel production of accident registers or similar reports, but from reading those cases, the statutory privilege under 49 U.S.C. § 504(f) was not expressly analyzed. See Wolfgang v. Channell, No. 3:12-cv-1218, 2013 WL 2278091 at *3 (M.D. Penn. May 22, 2013); Anderson v. FDF Energy Services, Inc., No. 1:21-cv-62, 2021 WL 5443187 at *2, (N.D. W.Va. Nov. 19, 2021); Rogers v. Bedford, No. JKB-22-1737, 2023 WL 6143545 at *2-3, (D. Md. Sept. 19, 2023); Leon v. FedEx Ground Package Sys., Inc., 313 F.R.D. 615, 618-19 (D. N.M. 2016); Perez v. Blhazhkevych, No. 3:15-cv-1341, 2016 WL 1337666 at *5 (M.D. Pa. Apr. 4, 2016); Yanez v. Turgeon, No. A-06-CA-897 LY, 2007 WL 9710183 at *3 (W.D. Tex. Sept. 5, 2007).

admissible, the text of the statute here precludes both "admi[ssion]" and "use[] in a civil action for damages." Sykes, 2021 WL 5098291, at *1 (citing 49 U.S.C. § 504(f)). Considering all of this, Defendants' objection to producing the accident registers is sustained and Plaintiff's Motion to Compel (Doc. No. 16) is denied in that regard.[3]

As to the second remaining discovery issue, Plaintiff seeks to compel production of "[a]ny and all documents and materials which record, reflect, or otherwise evidence each and every document relating to any fact or circumstances that supports, contradicts, or evidences, your defenses against Plaintiff's claim." (Doc. No. 37 at 6). Plaintiff's supplemental brief is silent on this topic. (Doc. No. 38). In their Supplemental Brief, Defendants argue that following a September 25, 2023, supplementation, "they have already provided Plaintiff with responsive documents to all of Plaintiff's discovery requests, including this request." (Doc. No. 37 at 6). The Court will require Defendants to serve a verified supplemental response stating that they have fully complied with this request, other than producing documents that are privileged or attorney work product, which are discussed below.

Defendants argue that any further production regarding their defenses would invade their attorneys' mental impressions and work product, which is protected against disclosure. See Proa v. NRT Mid-Atl., Inc., No. CV AMD-05-2157, 2008 WL 11363286, at *22 (D. Md. June 20, 2008) (where plaintiff sought "all facts, reasons, circumstances, and legal contentions to support defendants' affirmative defenses and all related documents . . . Defendants [were] not required . .

---

[3] Plaintiff also argues that Defendant waived any privilege by raising it at a late stage. The Court does not find this argument persuasive. See Blankenship, 428 F.2d at 1009 (6th Cir. 1970) (recognizing there is nothing to indicate the statute "bestows only to a carrier the right to prohibit disclosure", but rather the statute "states in a plain and unambiguous fashion" that no report may be used or admitted.); Sajda, 265 F.R.D. at 337-41 (rejecting a similar claim that defendants waived privilege).

5

. to identify all documents which in defense counsel's opinion supports the affirmative defenses or claims"). The Proa Court emphasized that "[d]espite that the documents themselves are not protected by the attorney client privilege . . . an attorney's selection and compilation of particular documents from the larger selection 'reveals her thought processes and theories regarding this litigation,' and entitles that particular compilation to work product protection." Id. (citing In re Allen, 106 F.3d 582 (4th Cir. 1997)). For the same reasons, the Court discussed in Proa, supra, requiring defense counsel to disclose with greater specificity which documents they believe support specific legal theories in this litigation would invade counsel's mental impressions and work product. Accordingly, Defendants' objection in this regard is sustained.

**NOW IT IS THEREFORE ORDERED that:**

1. "Plaintiff's Motion to Compel and Overrule Defendants Waste Connections US, Inc., and Waste Connections of North Carolina, Inc.'s Objections" (Doc. No. 16), "Plaintiff's Motion to Compel and Overrule Defendant Keith Sanders' Objections" (Doc. No. 18) are **GRANTED IN PART** and **DENIED IN PART**. Specifically,

   A. To the extent that the parties have resolved between themselves the majority of issues raised in the Motions, they are **DENIED AS MOOT**;

   B. Concerning production of the accident registers, the Motions are **DENIED**; and

   C. Concerning production of all documents that support, contradict, or evidence Defendants' defenses, Plaintiff's Motions are **GRANTED IN PART** and within 14 days of this Order, Defendants shall fully respond to this request or serve a verified response stating that they have made full production other than documents that are privileged or protected from disclosure as attorney work product, and otherwise the Motions are **DENIED**.

2. The Clerk is directed to send copies of this Order to counsel for the parties, and to the Honorable Robert J. Conrad, Jr..

   **SO ORDERED**.

Signed: December 13, 2023

Susan C. Rodriguez
United States Magistrate Judge